# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY E. SPELLMAN, | CASE NO. 1:11-cv–00779-BAM PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| F. GONZALES, et al., | (ECF No. 1) |
| Defendants. | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

**I.   Screening Requirment**

Plaintiff Timothy E. Spellman is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 25, 2011, Plaintiff consented to the jurisdiction of the Magistrate Judge. Currently before the Court is Plaintiff's complaint, filed May 13, 2011. (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

1  demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.
2  Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.
3  544, 555, 127 S. Ct. 1955 (2007)).

4  Under section 1983, Plaintiff must demonstrate that each defendant personally participated
5  in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires
6  the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.
7  at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]
8  pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line
9  between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting
10 Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations
11 contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129
12 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere
13 conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

14 **II.     Complaint Allegations**

15 Plaintiff is in the custody of the California Department of Corrections and Rehabilitation, and
16 is currently incarcerated at the R. J. Donovan Correctional Facility. The incidents alleged in the
17 complaint occurred while Plaintiff was housed at the California Correctional Institution ("CCI"),
18 Tehachapi. Plaintiff brings this action against Defendants Gonzales, Steadman, K. Holland, J.
19 Lundy, D. Crounse, J. Hurtado, I. Paderes, T. Roberts, R. Nicholas, and Does 1 through 10, in their
20 individual and official capacities, alleging violations of the Eighth and Fourteenth Amendments.

21 Plaintiff is an insulin dependent diabetic. After being transferred to CCI, on June 28, 2010,
22 Defendant Paderes was passing out the morning meal and failed to give Plaintiff his food tray.[1]
23 (Compl, ¶¶ 23, 25.) When Plaintiff questioned Defendant Paderes, he was told that his meal was not
24 given to him because he was still in bed in violation of the rules. (Id., ¶¶ 26, 27.) Plaintiff informed
25 Defendant Paderes that he was a brittle diabetic and his blood sugars could drop very low inducing
26 a coma if he did not eat. Plaintiff Paderes refused to provide Plaintiff with his meal. (Id., ¶ 28.) At

27
28      [1]In Plaintiff's inmate appeal, he states that Defendant Paderes refused to provide him with his afternoon
    lunch. (Compl. 39.)

1 noon when medical staff came by to dispense medication, Plaintiff complained that he was
2 experiencing dizziness and discomfort. (Id., ¶ 29.) Defendant Roberts was asked by medical staff
3 to provide Plaintiff with a sack lunch, however he failed to provide a meal. (Id., ¶ 30.) At 3:30 p.m.
4 medical staff tested Plaintiff's blood sugar, which was low, and he was given Glucose. Plaintiff
5 alleges that as a result of being denied his meal, he suffered shaking, sweating, dizziness, and
6 physical pain. (Id., ¶ 31.)

Plaintiff filed an inmate appeal on June 28, 2010. (Id., ¶ 33.) Plaintiff received a response which was partially granted. (Id., ¶ 38.) On August 11, 2010, Plaintiff attempted to advise Defendant Roberts about the appeal being partially granted. Defendant Roberts responded, "If you are not out of bed when I come by your cell I ain't giving you shit," and "I don't care what anybody says, you better have your ass out of bed or I will just throw your food on the floor." (Id., ¶ 39.) Plaintiff attempted to advise Defendant Paderes about the granting of his appeal and Defendant Paderes stated, "I could care less what the paper said, I do what I want." (Id., ¶ 41.)

On August 17, 2010, Defendant Paderes refused to provide Plaintiff with his meal.[2] (Id., ¶ 43.) Plaintiff filed an inmate grievance on August 25, 2010. (Id., ¶ 44.) Plaintiff alleges that his attempts to appeal were hindered by other staff members. (Id., ¶ 53, 57.) Plaintiff further alleges that some CCI staff have falsified documents, (id., ¶ 56), and California Code of Regulations, Title 15 prohibits using food as a punishment, (Id., ¶ 70). Plaintiff states that Defendants Gonzales, Steadman, Lundy, Holland Crounse, Hurtado, Nicholas, and Does 1 though 10 have a duty to establish policies and procedures for the safety of inmates and administration of the institution. (Id., ¶ 71.)

For the reasons set forth below, Plaintiff has failed to state a cognizable claim. Because the Court finds that Plaintiff's claims are not capable of being cured by amendment, Plaintiff's complaint shall be dismissed, without leave to amend.

///
///

---

[2] Plaintiff's inmate appeal states that Defendant Paderes again refused to provide Plaintiff with his lunch. (Id. at 49.)

3

### III. Discussion

#### A. Eighth Amendment

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).

The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). "Deliberate indifference is a high legal standard." Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi, 391 F.3d at 1060.

In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

Plaintiff alleges that on two separate dates he was not provided with a meal as punishment for failing to comply with prison rules. While a diabetic inmate may be able to state a claim for deliberate indifference based upon the failure to provide adequate diabetic meals, the failure to provide lunch on two isolated occasions does not rise to the level of a constitutional violation. See Foster v. Runnels, 554 F.3d 807, 812 n.1 (9th Cir. 2009) (denial of meals on two isolated occasions does not rise to the level of a constitutional violation); ( Fard v. Arpaio, No. CV 11-2582-PHX-DGC

(ECV), 2012 WL 604018, *3 (D.Ariz. Feb. 23, 2012) (failing to provide diabetic a meal on a single occasion does not rise to the level of constitutional violation);Keeton v. Warren, No. 1:09-cv-00564-GSA PC, 2009 WL 2852751, *2 (E.D.Cal. Sept. 2, 2009) (failure to provide diabetic inmate meal on single occasion does not state cognizable claim for deliberate indifference).

In this instance, Plaintiff alleges that his blood sugar levels were low, and he was provided with glucose by medical staff. Although Plaintiff alleges that he suffered from shaking, sweating, dizziness, and physical pain, the injuries Plaintiff complained of are de minimus, and do not constitute "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see Whitsett v. Newcombe, No. C 99-5461 WHA PR, 2000 WL 236430, *1 (N.D.Cal. Feb. 24, 2000) (failing to provide diabetic inmate a meal which resulted in headache, shaking, and inmate falling to ground due to low blood sugar does not state claim for deliberate indifference). Plaintiff has failed to state a cognizable claim against Defendants Paderes or Roberts for a violation of the Eighth Amendment.

**B.   Due Process**

Plaintiff alleges that his due process rights were violated by the interference with his attempt to file inmate appeals. The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Additionally, Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480, 115 S. Ct. 2293, 2298 (1995). A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting

1  Sandin, 515 U.S. at 484, 115 S. Ct. at 2300).  There is no liberty interest in a prison grievance
2  procedure as it is a procedural right only.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988);
3  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

4  While Plaintiff alleges that prison staff have created false documents, the Due Process Clause
5  itself does not contain any language that grants a broad right to be free from false accusations, but
6  guarantees certain procedural protections to defend against false accusations.  Freeman v. Rideout,
7  808 F.2d 949, 951 (2nd Cir. 1986).  Nor is there a property or liberty interest in the documents
8  contained in an inmate's central file.  Plitt v. Gonzalez, No. 1:08-cv-01352-BLW-LMB, 2011 WL
9  3813099, *5 (E.D.Cal. Aug. 26, 2011).

10 Plaintiff has not identified a protected liberty interest of which he was deprived without the
11 procedural protections he is due under federal law, therefore Plaintiff fails to state a cognizable claim
12 for a violation of due process.

13     **C.     Title 15**

14 Plaintiff alleges that he was denied food as punishment in violation of Title 15.  Section 1983
15 provides a cause of action where a state actor's "conduct deprived the claimant of some right,
16 privilege, or immunity protected by the Constitution or laws of the United States."  Leer v. Murphy,
17 844 F.2d 628, 632 (9th Cir. 1987) (quoting Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled
18 on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986)).  There is no independent cause
19 of action for a violation of Title 15 regulations.  "To the extent that the violation of a state law
20 amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the
21 federal Constitution, [s]ection 1983 offers no redress."  Sweaney v. Ada County, Idaho, 119 F.3d
22 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir.
23 1996).

24     **C.     Defendant Liability**

25 Plaintiff attempts to bring suit against Defendants Gonzales, Steadman, Lundy, Holland
26 Crounse, Hurtado, and Nicholas based upon their supervisory position within the prison, alleging
27 they have a duty to establish policies and procedures for the safety of inmates and administration of
28 the institution.  Government officials may not be held liable for the actions of their subordinates

6

under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948.  Plaintiff has failed to set forth factual allegations that Defendants Gonzales, Steadman, Lundy, Holland Crounse, Hurtado, and Nicholas personally participated in any act or failed to act in violation of Plaintiff's constitutional rights, nor has Plaintiff stated a plausible claim that he was denied meals based upon a policy. To the contrary, Plaintiff states that the policy does not allow Defendants to deny inmates food as punishment for disobeying prison rules. Plaintiff has failed to state a cognizable claims against Defendants Gonzales, Steadman, Lundy, Holland Crounse, Hurtado, and Nicholas.

## IV.    Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983 and the Clerk's Office shall enter judgment. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, No. 08-15620, 2011 WL 4436248, at *4 (9th Cir. Sept. 26, 2011).

IT IS SO ORDERED.

**Dated:   April 16, 2012**                         **/s/ Barbara A. McAuliffe**
                                                                    UNITED STATES MAGISTRATE JUDGE